# LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

9/12/11



September 9, 2011

BY HAND

Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007-1312

    Re:    Calderon-Cardona v. JPMorgan Chase Bank, N.A., 11 Civ. 3283 (DLC)
            (S.D.N.Y.) and related judgment enforcement actions filed under Docket
            Nos. 11 CV 3284, 3285, 3286, 3288, 3289, 3290, 3291 and 3292

Dear Judge Cote:

        This firm represents respondents JPMorgan Chase Bank, N.A. ("JPMCB") and The Bank of New York Mellon ("BNY Mellon") in two of the above-referenced consolidated proceedings. We are writing, on behalf of the Respondent Banks, to respond to the Court's direction that by September 9, 2011, the parties should report to the Court concerning the status of their discussions regarding notice to third parties who may have a claim to or an interest in the blocked assets that are the subject of these proceedings.

        Our client JPMCB has filed a third-party interpleader complaint in the proceeding against it, and if the case goes forward, it will seek leave to amend that complaint in certain respects and then give notice to third parties by serving the third-party complaint. Our client BNY Mellon has filed a third-party interpleader complaint with respect to the three largest blocked assets held by it that are involved in this case. If the case goes forward, it is prepared to give notice by serving that third-party complaint or an amended third-party complaint.

        There have been negotiations with petitioners' counsel, Robert J. Tolchin, Esq., to see if he would agree to a dollar amount below which he would not pursue smaller claims. These discussions are ongoing. It is BNY Mellon's hope that it may not have to give notice to third parties who might have a claim to or interest in some or all of the smaller blocked assets that it is holding because Petitioners would agree to eliminate those smaller assets from the case.

        Other Respondent Banks have been engaged in similar negotiations with the Petitioners to determine whether Petitioners will agree to eliminate smaller assets from the case.

Honorable Denise L. Cote
September 9, 2011
Page 2

They are exploring with Mr. Tolchin the possibility that he would agree to give some form of notice to third parties who might have a claim to or interest in the assets that they are holding, in which case those Respondents would not themselves give such notice. The parties hope to make further progress in these negotiations and will report to the Court promptly if they reach any agreements with respect to these matters.

       In order to simplify and expedite the process of serving third-party complaints or otherwise giving notice, I have drafted a proposed order that would permit alternate methods of service or notice, such as service by mail, Federal Express, DHL or other means, in addition to the more traditional methods of serving process. This Court is authorized to enter such an order by Rule 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure and section 1608(b)(c)(3) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 et seq. (the "FSIA"), for instances where service of process is made outside the United States, and that is where most of the potentially affected third parties are located. Similar orders have been entered by this Court in other cases involving efforts to enforce judgments against foreign states that have been held liable for terrorist acts or for acts within the scope of FSIA § 1605A.

       We have circulated this proposed order to counsel for the other respondents and counsel for the petitioners. A revised version of the proposed order has been prepared by Mark Gimbel, Esq. of Covington & Burling LLP, counsel for Deutsche Bank Trust Company Americas, and circulated for further comments. We have yet to receive any comments on the order from Petitioners. When we have reached agreement on the form of this proposed order, we will submit it to the Court with a letter setting forth the legal basis for such an order or, if the Court prefers, make a formal motion for the entry of such an order.

                                Respectfully submitted,

                                *J. Kelley Nevling* by RFL
                                J. Kelley Nevling, Jr.

jkn/tbs
Enclosures

cc:    All counsel (by e-mail)

*[Handwritten note: Status letter is due October 12, 2011.*

*Denise Cote
September 12, 2011]*